IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KELLY GENE BILLER                                                                PLAINTIFF

v.                                       CIVIL NO. 14-5171

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Kelly G. Biller, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on September 30, 2011, alleging an inability to work since April 1, 2008,[1] due to RA (Rheumatoid arthritis), cervical and lumbar herniation, manic depression, and chronic fatigue. (Tr. 164, 173, 197). An administrative hearing was held on May 7, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 28-70).

By written decision dated June 12, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13).

---

[1]Plaintiff, through his counsel, amended his alleged onset date to May 1, 2010. (Tr. 11, 56).

Specifically, the ALJ found Plaintiff had the following severe impairments: cervical and lumbar arthritis, chronic fatigue, bipolar disorder, and anti-social personality disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a reduced range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). Specifically, he can lift and carry 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk two hours out of an eight-hour workday with normal breaks, sit six hours out of an eight-hour workday with normal breaks, and push and pull with limitations pursuant to the lift and carry limitations. The claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps, stairs, ladders, ropes and scaffolds. He is limited to jobs that can be performed while using a handheld assistive device for six percent of the workday. The claimant is able to perform work where interpersonal contact is incidental to the work performed, complexity of tasks is learned and performed by rote with few variables and little judgment, and the supervision required is simple, direct and concrete.

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a compact assembler, a waxer, and a zipper trimmer. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 11, 2014. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 9, Doc. 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents his from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

-3-

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III. Discussion

Plaintiff argues the following issues on appeal: 1) the ALJ erred in failing to fully and fairly develop the record; 2) the ALJ erred in determining the Plaintiff's mental impairments did not meet a Listing equivalent; 3) the ALJ erred in determining Plaintiff's RFC; and 4) the ALJ erred in determining Plaintiff could perform other work.

#### A. Full and Fair Development of the Record:

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir.1995). The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir.2010). The ALJ, however, is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. "Reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995).

"While an ALJ does have a duty to develop the record, this duty is not never-ending and an ALJ is not required to disprove every possible impairment." McCoy v. Astrue, 648 F.3d 605, 612 (8th Cir. 2011).

In this case, the record consists of two consultative physical examinations, two consultative mental diagnostic evaluations, two physical RFC's completed by non-examining medical consultants, two mental RFC's completed by non-examining medical consultants, and Plaintiff's medical records.

Plaintiff argues that the ALJ should have contacted a treating source to obtain a RFC. A RFC assessment from a treating physician, although helpful, is not required. See Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir.2007)(the medical evidence, State agency physician opinions, and claimant's own testimony were sufficient to assess residual functional capacity); Stormo v. Barnhart, 377 F.3d 801, 807–08 (8th Cir.2004)(medical evidence, State agency physicians' assessments, and claimant's reported activities of daily living supported residual functional capacity assessment).  After reviewing the entire record the Court finds the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period.  Accordingly, the undersigned finds the ALJ fully and fairly developed the record.

      **B.**      **Combination of Impairments:**

Plaintiff also appears to argue that the ALJ erred in failing to consider all of the claimant's impairments in combination.

The ALJ stated that in determining Plaintiff's RFC, that he considered "all of the claimant's impairments, including impairments that are not severe." (Tr. 13).  The ALJ further

found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Tr. 14). Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments. Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

### C.   Listing of Impairments:

The burden of proof is on the Plaintiff to establish that his impairment meets or equals a listing. See Sullivan v. Zebley, 493 U.S. 521, 530-31, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990). To meet a listing, an impairment must meet all of the listing's specified criteria. Id. at 530, 110 S.Ct. 885 ("An impairment that manifests only some of these criteria, no matter how severely, does not qualify."); Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004). "Medical equivalence must be based on medical findings." 20 C.F.R. § 416.926(b) (2003); Sullivan, 493 U.S. at 531 ("a claimant ... must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment"). In this case, the ALJ found the medical evidence does not show medical findings that are the same or equivalent to a listed impairment.

The Court finds, based upon the record as a whole Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. Accordingly, the Court finds there is sufficient evidence to support the ALJ's determination that Plaintiff's impairments do not medically equal a Listing.

### D.   Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating

factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record revealed that Plaintiff indicated that he could perform activities of daily living without assistance. (Tr. 504, 508, 595). Plaintiff also reported the ability to work on cars or the house he was living in at the time with his grandmother. (Tr. 502).

With respect to Plaintiff's alleged arthritic pain, the record reveals that Plaintiff had no back tenderness to palpation in May of 2011, when Plaintiff was seen for abdominal pain that resulted in his gallbladder being removed. (Tr. 530). Plaintiff was noted as having a normal gait and resting posture, and to have good range of motion and muscle strength in his upper and lower extremities. (Tr. 522). It is noteworthy that during both mental evaluations both examiners noted no indications of Plaintiff being in pain. (Tr. 506, 592). While Plaintiff reported to Dr. Robert Karas that he was diagnosed with RA in 2004 or 2005 (Tr. 573), the record revealed that he had negative RA and ANA studies in 2005. (Tr. 693). Based on the record as a whole, the Court find substantial evidence to support the ALJ's determination that Plaintiff's arthritic pain was not disabling.

With regard to Plaintiff's alleged mental impairments, the record also failed to demonstrate that Plaintiff sought on-going and consistent treatment from a mental health professional during the relevant time period. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability). The Court notes that in May of 2011, Plaintiff was noted as having an intact memory and that there were no signs of depression, anxiety or agitation. (Tr. 522). After reviewing the entire record, the Court finds substantial evidence to support the ALJ's determination that Plaintiff's mental impairments were not disabling.

With regard to the testimony of Plaintiff's aunt, the ALJ properly considered this evidence but found it unpersuasive. This determination was within the ALJ's province. See Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he was unable to engage in any gainful activity during the relevant time period. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**E.     ALJ's RFC Determination and Medical Opinions:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain

are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[is] RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform sedentary work with limitations. The ALJ discussed the medical opinions of treating, examining, and non-examining medical professionals, including the opinions of Drs. Cara R. Hatfield, C. R. Magness, Robert Karas, Mary J. Sonntag, Stephen A. Whaley, Jonathan Norcross, Christal Janssen, and Diane Kogut, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted). With regard to Dr. Hatfield's finding that Plaintiff had marked limitations in social interaction, the ALJ stated that he gave this finding little weight as it appeared to be based upon an isolated instance of "haughty" behavior during a one-time interview, and was not typical of Plaintiff's behavior as evidenced by the record as a whole. Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record

AO72A
(Rev. 8/82)

as a whole). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

**F.     Hypothetical Question to the Vocational Expert:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that during the relevant time period Plaintiff's impairments did not preclude his from performing work as a compact assembler, a waxer, and a zipper trimmer. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 3rd day of September, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE